UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NATHANIEL SPENCER, III,
        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; TRANS UNION, LLC;
        Defendants.

CASE NO. 1:18-cv-00194-PLM-PJG

Judge Paul L. Maloney
Magistrate Judge Phillip J. Green

**TRANS UNION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FCRA JURISDICTION**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. All conditions precedent to the bringing of this action have been performed.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**PARTIES**

3. The Plaintiff in this lawsuit is Nathaniel Spencer III, a natural person, who resides in Kalamazoo County, Michigan.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4. Defendant Experian Information Solutions, Inc. (Experian) is a Consumer Reporting Agency [sic] with corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant Equifax, Inc. (Equifax) is a Consumer Reporting Agency [sic] with corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Trans Union, LLC (Trans Union) is a Consumer Reporting Agency [sic] with corporate offices at 555 W. Adams Street, Chicago, IL 60661.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

## VENUE

7. The occurrences which give rise to this action occurred in Kalamazoo County, Michigan and Plaintiff resides in Kalamazoo County, Michigan.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Venue is proper in the Western District of Michigan.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## GENERAL ALLEGATIONS

9. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on or around September 22, 2017. See Exhibit 1 attached.

**ANSWER:** Trans Union states that the document identified as Exhibit 1 speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10. In response to his very specific request for his full consumer file disclosure Plaintiff received a credit report which was not responsive to his request.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on or around September 24, 2017. See Exhibit 1 attached.

**ANSWER:** Trans Union states that the document identified as Exhibit 1 speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. In response to his very specific request for his full consumer file disclosure Plaintiff received a credit report which was not responsive to his request.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Trans Union on or around September 25, 2017. See Exhibit 1 attached.

**ANSWER:** Trans Union states that the document identified as Exhibit 1 speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14. In response to his very specific request for his full consumer file disclosure Plaintiff received a credit report which was not responsive to his request.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a full consumer file disclosure at least once per year at no charge when a request is made by a consumer. See Exhibit 1 attached.

**ANSWER:** Trans Union states that the document identified as Exhibit 1 speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Plaintiff's request for a full consumer file disclosure from each Defendant was the first request for a disclosure within 12 months with identification provided in the form of a copy of his social security card and current state driver's license attached.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.     After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure, pursuant to the FCRA, of each Defendant.  See Exhibit 2 attached.  A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license for identification.

**ANSWER:**     Trans Union states that the document identified as Exhibit 2 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.     At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l) as outlined in the initial request.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19. In response to Plaintiff's second request for a full consumer file disclosure to Experian he received a credit report which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20. In response to Plaintiff's second request for a full consumer file disclosure to Equifax he received a letter informing him that he was not eligible for a free copy of his credit file which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(l). See Exhibit 3 attached.

**ANSWER:** Trans Union states that the document identified as Exhibit 3 speaks for itself. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21. In response to Plaintiff's second request for a full consumer file disclosure to Trans Union he did not receive a response which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegation that "[i]n response to Plaintiff's second request for a full consumer file disclosure to Trans Union he did not receive a response," which has the effect of a denial under Rule 8(b)(5). Trans Union denies the remaining allegations contained in this paragraph.

22. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23. Upon information and belief, the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. This undisclosed information has never been provided to Plaintiff even when it was requested so he could examine it for accuracy. It could be blatantly false or at the least misleading and without disclosure by the Defendants he would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint him in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming him substantially.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25. Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for his file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(l) when a proper request is made by a consumer. The Defendants have repeatedly refused to provide Plaintiff with his full consumer file disclosure after multiple requests. His requests were very specific in nature and could not possibly be misconstrued as a request for his credit report by Defendants.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false, yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

**ANSWER:** As Plaintiff's allegations are stated and, absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. Plaintiff made multiple specific requests of each of the Defendants for a full consumer file disclosure as clearly stated in 15 U.S.C. § 1681g(a)(l) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

31. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34. Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1,000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT. 15 U.S.C. S1681. WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX. INC.

35. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37. Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

38. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1,000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT 111

### VIOLATION OF THE FAIR CREDIT REPORTING ACT. 15 U.S.C. S1681. WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

39. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

40. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

41. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

42. Equifax repeatedly failed to comply with Plaintiffs multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff has failed to state a claim against Trans Union upon which relief may be granted. Here, the only information Plaintiff alleges that Trans Union wrongly failed to disclose to him consists of "information that was previously shown in his credit reports" (i.e. "obsolete and archived information") and "negative codes … that are provided to prospective creditors, insurers or employers which [sic] directly affect how the prospective creditor, insurer or employer would view the Plaintiff …." See Complaint ¶¶ 22-25 and Exhibit 1. Contrary to such allegations, Section 1681g(a) of the FCRA only requires a consumer reporting agency to disclose "information in the consumer's file <u>at the time of the request</u>" and expressly excludes "any information concerning credit scores or any other risk scores or predictors relating to the consumer." See 15 U.S.C. § 1681g(a)(1) (emphasis added). Moreover, Section 1681c of the FCRA expressly prohibits a consumer reporting agency from including obsolete information in a consumer report.[1] See id. § 1681c(a).

2.   Trans Union's reports concerning Plaintiff were true or substantially true. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "potential creditors, insurers and employers," which "could be blatantly false or at the least misleading," but has not identified any specific inaccuracy in Trans Union's reporting, as required.[2] See, e.g., Complaint ¶¶ 24, 26; see also Nelski v. Trans Union, LLC, 86 F. App'x 840, 844 (6th Cir. 2004) ("In order

---

[1] Federal courts and the Federal Trade Commission – the federal agency formerly charged with enforcing and interpreting the FCRA – have limited the scope of the term "file" in Section 1681g to such information that would be disclosed in a consumer report to a third party. See, e.g., Gillespie v. Trans Union Corp., 482 F.3d 907, 910 (7th Cir. 2007) ("The language of § 1681g(a)(1), the FTC's interpretive guideline, and the Senate Committee Report all support Trans Union's argument that 'file' means information included in a consumer report."). Although interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010, the CFPB has not issued any contrary interpretation.

[2] Although Plaintiff has not specifically identified Section 1681e(b) in his Complaint, Plaintiff has alleged that the information in his Trans Union credit file may be "found to be false" and district courts are required "to read a *pro se* plaintiff's complaint indulgently and liberally." See Complaint ¶ 26; see also Terrell v. Berghuis, No. 4:05-cv-108, 2009 U.S. Dist. LEXIS 44588, at *12 (W.D. Mich. May 27, 2009).

to assert a claim under § 1681e(b), a plaintiff must prove; (1) the defendant reported inaccurate information about the plaintiff . . .").

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "potential creditors, insurers and employers," which "could be blatantly false or at the least misleading," but has not and cannot demonstrate, as required, that Trans Union failed to follow reasonable procedures to ensure the accuracy of any information that Trans Union reported concerning Plaintiff. See, e.g., Complaint ¶¶ 24, 26; see also Nelski, 8 F. App'x at 844 (in addition to alleging an inaccuracy in Trans Union's reporting, Plaintiff must demonstrate that "the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff . . . ").

4. Plaintiff has failed to take reasonable steps to mitigate his damages, if any. Here, Plaintiff seeks actual damages against Trans Union pursuant to Section 1681n of the FCRA, which expressly allows for recovery of actual damages. See Complaint at 7; see also 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)(A) any actual damages sustained by the consumer as a result of the failure or damages . . ."). Case law holds that a plaintiff's failure to mitigate is relevant to a claim for actual damages. See, e.g., Glover v. Mary Jane M. Elliott, P.C., No. 1:07-cv-648, 2007 U.S. Dist. LEXIS 73605, at *8 (W.D. Mich. Oct. 2, 2007) (denying plaintiff's motion to strike where "the two state statutes pleaded by plaintiff each allow an award of actual damages" and noting that "the facts supporting the defense are generally within the control of plaintiff. A defendant should therefore be given a reasonable

opportunity to conduct discovery before being put to the task of supporting this defense with proof").

5. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "potential creditors, insurers and employers," which "could be blatantly false or at least misleading," but such reporting was likely the result of information provided to Trans Union by Plaintiff's creditors, who have an independent obligation under the FCRA to ensure accurate reporting. See, e.g., Complaint ¶¶ 24, 26; see also 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.").

6. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions. Here, Plaintiff seeks damages and costs against Trans Union pursuant to Section 1681n of the FCRA, which expressly allows for recovery of punitive damages. See Complaint at 7; see also 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of … (2) such amount of punitive damages as the court may allow . . ."). It is well settled that few punitive damage awards "exceeding a single digit ratio between punitive and compensatory damages . . . will satisfy due process." See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (U.S. 2003).

Plaintiff has not pled the amount of compensatory and punitive damages that are sought, which could "exceed[] a single digit ratio between punitive and compensatory damages" in violation of Trans Union's constitutional rights.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

Date: March 22, 2018

*/s/ Sandra D. Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*