# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# (Southern Division)

| | |
|---|---|
| **NATHANIEL SPENCER, III,** | Civil Action No. 1:18-cv-00194-PLM-PJG |
| Plaintiff, | |
| v. | **Judge Paul L. Maloney**<br>**Magistrate Judge Phillip J. Green** |
| **EXPERIAN INFORMATION SOLUTIONS INC., et al.,** | |
| Defendant. | |
| NATHANIEL SPENCER, III<br>2711 CHAPARRAL ST.<br>KALAMAZOO, MI 49006<br>(269) 599-7808<br>*PRO SE* | KING & SPALDING LLP<br>Kendall W. Carter<br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>Tel: 404-572-2495<br>Fax: 404-572-5100<br>Email: kcarter@kslaw.com<br>*Attorneys for Equifax Inc.* |

## DEFENDANT EQUIFAX INC.'S MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

**INTRODUCTION**..............................................................................................................1

**STANDARD OF REVIEW** ...............................................................................................2

**ARGUMENT** ....................................................................................................................4

    **I.**    **Equifax Inc. Is Not a Consumer Reporting Agency**..............................4

    **II.**   **Mr. Spencer's Complaint Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.** .................................8

          A.    "Consumer file" is defined as the information contained in a consumer's credit report/disclosure. ..................................................9

          B.    Plaintiff admits he received a copy of his credit report/disclosure from Equifax. .......................................................10

          C.    Mr. Spencer provides no factual basis for his assertion that the "credit report" he received was not his "full consumer file disclosure." ................................................................................11

**CONCLUSION**................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Albrecht v. Treon*,
   617 F.3d 890 (6th Cir. 2010) ........................................................................................3, 4

*Antioch Litig. Trust v. McDermott Will & Emery LLP*,
   738 F. Supp. 2d 758 (S.D. Ohio 2010) ..............................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................3, 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................2, 3, 12

*Casias v. Wal-Mart Stores, Inc.*,
   695 F.3d 428 (6th Cir. 2012) .................................................................................................3

*Cassidy v. Teaching Co., LLC*,
   No. 2:13-CV-884, 2014 WL 1599518 (S.D. Ohio Apr. 21, 2014) ......................................12

*Channing v. Equifax, Inc.*, .,
   No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013) ................................6, 7

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ................................................................................................................4

*Frihat v. Citimortgage, Inc.*,
   No. 07-CV-946, Doc. 60 (W.D. Mo. Dec. 1, 2009) ............................................................7

*Greear v. Equifax, Inc.*,
   No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) .....................................5, 6, 7

*Haines v. Kerner*,
   404 U.S. 519 (1972) .............................................................................................................4

*Jourdan v. Jabe*,
   951 F.2d 108 (6th Cir. 1991) ................................................................................................4

*Kline v. Mortg. Elec. Registration Sys., Inc.*,
  No. 3:08cv408, 2011 WL 1233642 (S.D. Ohio Mar. 29, 2011) ......................... 12

*Lewis v. Taylor*,
  No. 1:10–CV–00108, 2010 WL 3875109 (S.D. Ohio Sept. 21,
  2010) ............................................................................................................... 13

*McDonald v. Equifax, Inc. et al.*,
  Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) ............................... 7

*Moran v. The Screening Pros, LLC*,
  9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22 ................................................... 9

*Persson v. Equifax Inc.*,
  No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) ........................................ 7

*Pettway v. Equifax Info. Servs., LLC*,
  No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17,
  2010) ............................................................................................................... 10

*Price's Collision Ctr., LLC v. Progressive Haw. Ins. Corp.*,
  2013 WL 5782926 (M.D. Tenn. Oct. 28, 2013) ............................................... 12

*Ransom v. Equifax Inc.*,
  No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) ................. 6, 7

*Slice v. Choicedata Consumer Servs., Inc.*,
  No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) ............... 6, 7

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue
  Shield*,
  552 F.3d 430 (6th Cir. 2008) ............................................................................. 3

*Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of
  Educ.*,
  615 F.3d 622 (6th Cir. 2010) ............................................................................. 3

*Wantz v. Experian Info. Solutions*,
  386 F.3d 829 (7th Cir. 2004) ........................................................................... 10

*Weiler v. Equifax Inc.*,
  No. 2:99-CV-936, Doc. 29 (W.D. Pa. Nov. 16, 2000) ........................................ 7

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ...................................... *passim*

15 U.S.C. § 1681a ................................................................................................. 4

15 U.S.C. § 1681g ........................................................................................ *passim*

15 U.S.C. § 1681n ................................................................................................. 1

Consumer Financial Protection Act of 2010 ......................................................... 9

**Other Authorities**

40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf) ................................................................... 9

Federal Rule of Civil Procedure 8 ......................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ...................................................... *passim*

Defendant, Equifax Inc., by counsel, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and asks the Court to dismiss this action in its entirety. For the reasons stated below, Equifax Inc.'s motion should be granted.

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. On or about February 23, 2018, *pro se* Plaintiff Nathaniel Spencer, III filed his Complaint for Violations of the FCRA ("Complaint") against Equifax Inc. (Complaint, Doc. 1). Mr. Spencer alleges that Equifax Inc. violated § 1681g of the FCRA. (*Id.* ¶ 42). Specifically, Mr. Spencer alleges he made two written requests to Equifax Inc. for his "full consumer file disclosure." (*Id.* ¶¶ 11, 17). Mr. Spencer further alleges that in response to the first request, Equifax Inc. sent, and he received, a "credit report which was not responsive to his request." (*Id.* ¶ 12). In response to the second request, Equifax Inc. sent, and he received, a "letter informing him that he was not eligible for a free copy of his credit file which was not responsive to his request." (*Id.* ¶ 20). Mr. Spencer seeks statutory damages of $1,000, attorney's fees and costs pursuant to § 1681n of the FCRA. (*Id.* at 7). He does not allege or seek any actual damages. (*Id.*).

Equifax Inc. moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for two independently sufficient reasons. *First*,

Mr. Spencer sued the wrong party. Equifax Inc. is not a consumer reporting agency ("CRA"). Equifax Information Services LLC is a CRA, and it is the party that responded to Mr. Spencer's two written requests. *Second*, Mr. Spencer fails to allege facts sufficient to support a claim for relief. He repeats the statutory language and offers merely speculative and conclusory allegations that he received a "credit report" when he requested a "full consumer file disclosure." Mr. Spencer's allegations do not adequately state a claim and fail to provide Equifax Inc. with adequate notice of the basis of the claims asserted against it. For the same reason, Equifax Information Services LLC would be entitled to dismissal if it was named as a defendant; thus, amendment of the Complaint is futile.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require

more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [ ] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## ARGUMENT

**I.     Equifax Inc. Is Not a Consumer Reporting Agency.**

A "consumer reporting agency" is defined by the FCRA, 15 U.S.C. § 1681a(f) as:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

The term "consumer report" is defined by 15 U.S.C. § 1681a(d) as:

> The term "consumer report" means any written, oral, or other communication of any information by a *consumer*

4

> *reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance … . (Emphasis added.)

Therefore, in order to be held liable under the FCRA, a defendant must be a "consumer reporting agency" that prepared a "consumer report" concerning the plaintiff.

Equifax Inc. is not a consumer reporting agency; therefore, federal courts consistently dismiss Equifax Inc. in FCRA lawsuits filed by consumers based on allegations similar to those made by Mr. Spencer here. Federal courts consistently have held that, based on the plain language of the FCRA, plaintiffs cannot maintain FCRA claims against Equifax Inc., and that Equifax Inc. may not be held liable under the FCRA for actions taken by its subsidiaries. *See e.g.*, *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (dismissing plaintiff's claims because "Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA. Plaintiff cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA."). The District Court for the Eastern District of North Carolina stated as follows:

> ("[P]laintiff has simply sued the wrong party; . . . [Equifax Inc.,] which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. It has not been in the

5

business of assembling or evaluating consumer credit information since 1977. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

*Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (citations omitted.)

In *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005), after considering the plain language of the FCRA and the undisputed Certification of Equifax Inc.'s employee, the court held that Equifax Inc. was not a "consumer reporting agency." 2005 WL 2030690, *3. The court explained that in order for a plaintiff to state a claim under the FCRA, a defendant must fall into one of three groups: (1) a consumer reporting agency; (2) a user of consumer reports; or (3) a furnisher of information to consumer reporting agencies. *Id*. The court dismissed Equifax Inc. holding that a violation of the provisions of the FCRA "necessarily must be committed by a "consumer reporting agency." *Id.* The Court also held that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency. *Id.*

The *Greear*, *Channing*, and *Slice* decisions are three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented here. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because "[b]ased

6

on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report for [plaintiff]."); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (dismissing Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA") (attached as Exhibit 1). *See also McDonald v. Equifax, Inc. et al.*, Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.) (attached as Exhibit 2); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (same) (attached as Exhibit 3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (same) (attached as Exhibit 4).

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Channing*, 2013 WL 593942, at *3 (quoting *United States v.. Bestfoods,* 524 U.S. 51, 61 (1998) (quotations omitted)). Accordingly, the Court should dismiss Mr. Spencer's claims.

Dismissal is warranted here just as it was in *Greear*, *Channing*, *Slice*, *Ransom*, *Frihat*, *McDonald, Persson*, and *Weiler*. The issues are virtually identical. Equifax Inc. is not a consumer reporting agency and, therefore, is not subject to the

FCRA and cannot be held liable under the FCRA. There is no reason for this Court to deviate from this strong and unbroken line of authority.

## II. Mr. Spencer's Complaint Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.

Mr. Spencer's Complaint is also subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Mr. Spencer alleges that "Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Doc. 1 ¶ 42). Section 1681g(a)(1) of the FCRA states that, upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that (A) if the consumer requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information concerning "credit scores or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file. Here, Mr. Spencer merely recites in conclusory fashion that he did not receive a full consumer file disclosure at the same time admitting Equifax[1] timely

---

[1] As set forth in Argument Section I, Equifax Inc. is not a CRA. Equifax Information Services LLC is a CRA, and it is the entity that responded to Mr. Spencer's two written requests. (Complaint Exhibit 3, Doc. 1-3). For purposes of Argument Section II, Equifax Information Services LLC will be referred to as Equifax.

8

responded and produced a "credit report." (*See* Doc. 1 ¶ 12). Mr. Spencer's averments are insufficient.

### A. "Consumer file" is defined as the information contained in a consumer's credit report/disclosure.

The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. See 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by

---

Equifax Information Services LLC would be entitled to dismissal if it were named as a defendant because, as set forth in Argument Section II, there was no violation of § 1681g of the FCRA. Thus, amendment of the Complaint is futile.

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Mr. Spencer alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." (Doc. 1 ¶ 25). Mr. Spencer offers no factual enhancements to support his speculative conclusory statement. Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

### B. Plaintiff admits he received a copy of his credit report/disclosure from Equifax.

Mr. Spencer misunderstands how a "consumer report" is different from a consumer disclosure or credit file. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Pettway*, at *7 (citing 15§ 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations

omitted). In other words, there cannot be a consumer report without delivery to a third party.

Mr. Spencer's sole allegation against Equifax is that he did not receive his "full consumer file disclosure" as requested. (*See* Doc. 1 ¶¶ 11-12, 17, 20). Mr. Spencer states that he sent Equifax a request for his full consumer file disclosure, and in response received a copy of his "credit report." (*Id.* at ¶¶ 17, 20). He does not dispute that he received this document upon his request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Mr. Spencer, the consumer, was the recipient, what he received was exactly what he requested, namely a full consumer file disclosure.

Thus, by Mr. Spencer's own admission, Equifax complied with § 1681g(a)(1) and relevant federal case precedent by providing his consumer disclosure to him. Accordingly, Mr. Spencer has failed to allege sufficient facts to support a cause of action against Equifax under the FCRA, and the Court should dismiss his claim under Rule 12(b)(6).

**C.     Mr. Spencer provides no factual basis for his assertion that the "credit report" he received was not his "full consumer file disclosure."**

Notably absent from Mr. Spencer's Complaint is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, he offers speculative conclusions with no factual basis that information

11

has been excluded from his consumer file. He acknowledges the speculative nature of his statements by stating that "one can only surmise." (*See* Doc. 1 ¶ 28). He assumes that such information includes the following categories:

- "additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of," (*id.* ¶ 22);

- "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 23); and

- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." (*id.* ¶ 25).

Specifically, he alleges "[u]pon information and belief" that these types of information are missing from his disclosure. (*Id.* ¶¶ 22, 23, and 25). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: (1) where the facts are peculiarly within the possession and control of the defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible. *See, e.g.*, *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014) (quoting *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted)); *Price's Collision Ctr., LLC v. Progressive Haw. Ins. Corp.,* 2013 WL 5782926, at *4 (M.D. Tenn. Oct. 28, 2013) (quoting *Arista Records, LLC,* 604 F.3d at 120); *Kline v. Mortg. Elec. Registration Sys., Inc.,* No. 3:08cv408, 2011 WL 1233642, at *6 (S.D. Ohio

Mar. 29, 2011) (citing *Arista Records, LLC,* 604 F.3d at 120; *Simonian v. Blistex, Inc.,* No. 10 CV 01201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010)) ("even in the post-*Iqbal* world, courts have recognized that facts may be alleged on the basis of information and belief, particularly when those facts are within the possession of the defendant"); *Antioch Litig. Trust v. McDermott Will & Emery LLP,* 738 F. Supp. 2d 758, 765 (S.D. Ohio 2010) ("As an initial matter, Defendant claims that Plaintiff's allegations that are based 'upon information and belief' ... and allegations that use the term "appear" ... should be dismissed because they are speculative. However, Defendant fails to cite any legal authority supporting its contention. Moreover, qualifying words such as 'upon information and belief' and 'appear' are the appropriate manner to plead when a plaintiff is drawing reasonable inferences from facts."); *Lewis v. Taylor,* No. 1:10–CV–00108, 2010 WL 3875109, at *2–3 (S.D. Ohio Sept. 21, 2010) (allegations upon "information and belief" sufficient from which a court may infer a plausible cause of action). Allegations made on "information and belief" are therefore appropriate where a complaint contains supporting factual allegations.

Here, the Complaint contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document he admits receiving. Mr. Spencer's Complaint should be dismissed

because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

## CONCLUSION

Defendant Equifax respectfully requests that this Honorable Court dismiss Mr. Spencer's Complaint pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted this 26th day of March, 2018.

>  */s/ Kendall W. Carter*
>  Kendall W. Carter
>  KING & SPALDING LLP
>  1180 Peachtree Street NE
>  Atlanta, GA 30309
>  Tel: 404-572-2495
>  Fax: 404-572-5100
>  Email:kcarter@kslaw.com
>
>  *Attorneys for Equifax Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and via U.S. Mail to:

Nathaniel Spencer, III
2711 Chaparral St.
Kalamazoo, MI 49006
(269) 599-7808

Tamara Elizabeth Fraser
Williams Williams Rattner & Plunkett PC
380 N Old Woodward Ave., Ste. 300
Birmingham, MI 48009
(248) 642-0333
Fax: (248) 642-0856
Email: tefraser@wwrplaw.com

Sandra Davis Jansen
Scott E. Brady
Schuckit & Associates PC
4545 Northwestern Dr.
Zionsville, IN 46077
(317) 363-2400
Email: sjansen@schuckitlaw.com
Email: sbrady@schuckitlaw.com

></br>
                                        */s/ Kendall W. Carter*
                                        Kendall W. Carter