UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NATHANIEL SPENCER III,<br><br>          Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX, INC.;<br>TRANS UNION, LLC,<br><br>          Defendants. | Case No. 1:18-cv-194<br><br>Judge Paul L. Maloney |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Nathaniel Spencer III's Complaint (the "Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Complaint, Experian states as follows:

### JURISDICTION[1]

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

---

[1] For ease of reference, Experian incorporated into its Answer the primary headings used by Plaintiff in the Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Complaint to facilitate review.

2. In response to paragraph 2 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits the Plaintiff is Nathaniel Spencer III. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626.

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## Venue

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged venue in the Western District of Michigan is proper. Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 1. As to the remaining allegations in paragraph 9 of the Complaint and Exhibit 1, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

10. In response to paragraph 10 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 1. As to the remaining allegations in paragraph 11 of the Complaint and Exhibit 1, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 1. As to the remaining allegations in paragraph 13 of the Complaint and Exhibit 1, Experian is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 1. As to the remaining allegations in paragraph 15 of the Complaint and Exhibit 1, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 2. As to the remaining allegations in paragraph 17 of the Complaint and Exhibit 2, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian admits that Plaintiff has attached a document labeled Exhibit 3. As to the remaining allegations in paragraph 20 of the Complaint and Exhibit 3, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian denies that it has disclosed any false or misleading information to third parties regarding Plaintiff. As to the remaining allegations in paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 inconsistent therewith. As to the remaining allegations, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Experian denies that it acted contrary to the law. Experian further denies that it has disclosed false information to third parties regarding Plaintiff. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian denies that it has acted contrary to the FCRA and denies, generally and specifically, each and every remaining allegation contained in paragraph 28 relating to Experian. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian states that some allegations contained therein are legal conclusions not subject to admission or denial. As to the remaining allegations in paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

31. In response to paragraph 31 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-30 as if fully set forth herein.

32. In response to paragraph 32 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

34. In response to paragraph 34 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 34 of the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

35. In response to paragraph 35 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-34 as if fully set forth herein.

36. In response to paragraph 36 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 38 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

39. In response to paragraph 39 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-38 as if fully set forth herein.

40. In response to paragraph 40 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 42 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

In response to the unnumbered paragraph on page seven of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Complaint are denied.

## **DEFENSES**

In further response to the Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses.

1. The Complaint and attached exhibits fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. Plaintiff alleges that Experian sent him a "credit report" in response to his September 2017 request and that Experian sent him a "credit report" in response to his October 2017 request. The Complaint's allegations thus demonstrate that Experian complied with the Fair Credit Reporting Act and provided Plaintiff with his consumer disclosures.

2. On information and belief, to the extent Plaintiff has suffered any damages, he has failed to mitigate his damages and costs. Plaintiff does not allege that he sent Experian a dispute regarding any information contained in the consumer disclosures that Experian provided Plaintiff or that he otherwise attempted to remedy any allegedly false information contained therein.

3. On information and belief, any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself, which may have included Plaintiff having derogatory trade lines, and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

4. On information and belief, any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff, which could have included Plaintiff becoming delinquent in making payments on his trade lines. Therefore, Plaintiff is estopped and barred from recovery of any damages.

5. The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided consumer disclosures to Plaintiff in response to his requests, and thus any implicit request for punitive damages is improper.

6. Experian reserves the right to amend its answer and assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated:  March 27, 2018                                Respectfully submitted,

*/s/ Tamara E. Fraser*
Tamara E. Fraser (P51997)
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333
tefraser@wwrplaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on March 27, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

    Nathaniel Spencer, III
    2711 Chaparral St.
    Kalamazoo, MI 49006
    (269) 599-7808
    Nathan.spenc.111@gmail.com

    */s/ Tamara E. Fraser*
    Tamara E. Fraser (P51997)

NAI-1503554046v1