UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NATHANIEL SPENCER III,<br>Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.; EQUIFAX INFORMATION SOLUTIONS, LLC,<br>Defendants. | Case No. 1:18-cv-194<br>Judge Paul L. Maloney |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Nathaniel Spencer III's First Amended Complaint for Violations of the FCRA (the "Amended Complaint"). Experian denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below. Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Amended Complaint, Experian states as follows:

## JURISDICTION[1]

1. In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

[1] For ease of reference, Experian incorporated into its answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by

2. In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is Nathaniel Spencer III. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4. In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626. In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

5. In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Experian denies, generally and specifically, that the ConsumerView marketing database is its database and that the Financial and Wealth Audiences is its product. As to the remaining allegations in paragraph 5 of the Amended Complaint, including those allegations regarding Experian's subsidiaries and

implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

partners, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 13 inconsistent therewith.

14. In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**VENUE**

17. In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in the Western District of Michigan is proper. Experian states that this is a legal conclusion which is not subject to denial or admission.

**GENERAL ALLEGATIONS**

19. In response to paragraph 19 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 19 inconsistent therewith. As to the remaining allegations in paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

20. In response to paragraph 20 of the Amended Complaint, Experian denies that Exhibit 1 is identical to the communication that Plaintiff sent to Experian. Experian admits Plaintiff requested a consumer disclosure in a September 2017 communication. Except as expressly admitted or otherwise addressed, Experian denies the remaining allegations in paragraph 20 of the Amended Complaint.

21. In response to paragraph 21 of the Amended Complaint, Experian denies that its response to Plaintiff's September 2017 request was not responsive. Experian admits that it sent Plaintiff his consumer disclosure information, along with other information related to the dispute process. Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 21 of the Amended Complaint.

22. In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Amended Complaint, Experian admits that some allegations contained therein and in Exhibit 1 purport to describe what the Fair Credit Reporting

Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 26 and Exhibit 1 inconsistent therewith. Experian further admits that some allegations in paragraph 26 purport to describe Exhibit 1. Experian avers that Exhibit 1 speaks for itself. Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 26 of the Amended Complaint.

27. In response to paragraph 27 of the Amended Complaint, Experian denies Plaintiff's September 2017 request for a consumer disclosure was Plaintiff's first request within 12 months. Experian admits a copy of what appears to be Plaintiff's driver's license and social security card was attached to the September 2017 request. Experian denies the copies were completely legible. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 27 of the Amended Complaint.

28. In response to paragraph 28 of the Amended Complaint, Experian denies that it failed to comply with Plaintiff's September 2017 request. Experian affirmatively states it provided Plaintiff with his consumer disclosure. Experian admits that Plaintiff sent another communication to Experian, requesting a full consumer file disclosure, in October 2017. Experian denies the October 2017 communication contained an identical copy of the initial letter. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 28 of the Amended Complaint.

29. In response to paragraph 29 of the Amended Complaint, Experian denies that Plaintiff never requested a credit report/disclosure or credit file/consumer credit report from Experian. Experian admits that some allegations in paragraph 29 of the Amended Complaint

purport to describe Exhibit 1 and Exhibit 2. Experian avers that Exhibit 1 and Exhibit 2 speak for themselves. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 29 of the Amended Complaint.

30. In response to paragraph 30 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with all information to which he is entitled under 15 U.S.C. § 1681g(a)(1). Experian further denies that the information it provided was not responsive to Plaintiff's October 2017 request. Experian affirmatively states that, after receiving Plaintiff's October 2017 request, it provided Plaintiff with his consumer disclosure and complied with the FCRA. Experian admits the following phrase appears in the communication that was sent to Plaintiff, "we're pleased to send you this credit report." Except as expressly admitted or otherwise addressed, Experian denies the remaining allegations in paragraph 30 of the Amended Complaint.

31. In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Amended Complaint, Experian states that this is a legal conclusion which not subject to denial or admission. To the extent a response is required, Experian denies that all documents provided were completely legible.

34. In response to paragraph 34 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 34 inconsistent therewith. Experian denies the allegation that it attempts to obfuscate the facts and states that some of the allegations in paragraph 34 are legal conclusions that are not subject to denial or admission. Experian admits that some allegations in paragraph 34 purport to describe Exhibits 1 and 2. Experian avers that Exhibits 1 and 2 speaks for themselves. As to the remaining allegations in paragraph 34, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Amended Complaint.

35. In response to paragraph 35 of the Amended Complaint, Experian denies that the only form of communication between Plaintiff and Experian has been letters. As to the remaining allegations in paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

36. In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Amended Complaint, Experian denies that it has violated the FCRA and denies that it has withheld information from Plaintiff that must be disclosed pursuant to the FCRA. Experian further denies that it has violated any law or that any alleged violation has been deliberate or intentional. Experian admits that some allegations contained in paragraph 39 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 39 inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Amended Complaint.

40. In response to paragraph 40 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure. As to the remaining allegations in

paragraph 41, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Amended Complaint.

42. In response to paragraph 42 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure. Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information it is not required to provide under 15 U.S.C. § 1681g. As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

43. In response to paragraph 43 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure. Experian admits that some allegations contained in paragraph 43 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 43 inconsistent therewith. As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44. In response to paragraph 44 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure and denies that it violated the law.

Experian further denies the allegations that it has attempted to obfuscate Plaintiff's requests. Experian avers that, in response to Plaintiff's requests for a full consumer file disclosure, Experian sent Plaintiff a consumer disclosure that contained all of the consumer information that Experian is required to provide by 15 U.S.C. § 1681g. As to the remaining allegations in paragraph 44, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45. In response to paragraph 45 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with the consumer information to which he was entitled under the Fair Credit Reporting Act. Experian denies that Plaintiff never used the words "credit" or "report" in his communications to Experian. Experian admits that some allegations in paragraph 45 purport to describe Exhibits 1 and 2. Experian avers that Exhibits 1 and 2 speaks for themselves. As to the remaining allegations in paragraph 45, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Amended Complaint.

46. In response to paragraph 46 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the Fair Credit Reporting Act or other law, that it has not already disclosed to Plaintiff in a consumer disclosure. Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information it is not required to provide under 15 U.S.C. § 1681g. Experian denies that it violated the law or failed to comply with lawful requests for a consumer disclosure. As to the remaining allegations in paragraph 50, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Amended Complaint.

49. In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Amended Complaint, Experian admits that some allegations contained in paragraph 50 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 50 inconsistent therewith. As to the remaining allegations in paragraph 50, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Amended Complaint.

51. In response to paragraph 51 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged

damages. Experian further denies that it failed to provide a consumer disclosure to Plaintiff that contained all of the consumer information required by 15 U.S.C. § 1681g. As to the remaining allegations in paragraph 51 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Amended Complaint.

52. In response to paragraph 52 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein

**COUNT I**

54. In response to paragraph 54 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-53 as if fully set forth herein.

55. In response to paragraph 55 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

57. In response to paragraph 57 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure pursuant to 15 U.S.C. 1681g(a)(1). Experian further denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 57 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that she is entitled to judgment against Experian or to any relief whatsoever from Experian.

**COUNT II**

58. In response to paragraph 58 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-57 as if fully set forth herein.

59. In response to paragraph 59 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61. In response to paragraph 61 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 61 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT III**

62. In response to paragraph 62 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-61 as if fully set forth herein.

63. In response to paragraph 63 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 65 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DEMAND FOR TRIAL BY JURY**

In response to the unnumbered paragraph on page 23 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

**DEFENSES**

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1. The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. The Amended Complaint's deficiencies include, but are not limited to, failing to plead willfulness and injury sufficiently. Moreover, the Amended Complaint demonstrates that Experian complied with the Fair Credit Reporting Act and provided plaintiff with his consumer disclosures in response to Plaintiff's September 2017 and October 2017 requests.

2. Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury. Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3. The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

4. The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

5. The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided Plaintiff with his consumer disclosures, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc., prays as follows:

(A) That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated: April 27, 2018

Respectfully submitted,

*s/ Autumn Hamit Patterson*
Autumn Hamit Patterson
Texas Bar No. 24092947
JONES DAY
2727 N. Harwood St., Suite 600
Dallas, Texas 75201
(214) 969-2966
ahpatterson@jonesday.com

Tamara E. Fraser (P51997)
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333
tefraser@wwrplaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on April 27, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

Nathaniel Spencer, III
2711 Chaparral St.
Kalamazoo, MI 49006
(269) 599-7808
Nathan.spenc.111@gmail.com

*s/ Autumn Hamit Patterson*
Autumn Hamit Patterson