# EXHIBIT 2

# Persson v. Equifax Inc.

**EXHIBIT 3**

CLERK'S OFFICE U.S. DIST. COX
AT ROANOKE, VA
FILED

OCT 28 2002

JOHN F. CORCORAN, CLER
BY:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES M. PERSSON, ) | |
| ) | Civil Action No. 7:02CV00511 |
| Plaintiff ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| EQUIFAX, INC. and CREDIT BUREAU ) | |
| OF SOUTHERN VIRGINIA, INC. ) | By: Samuel G. Wilson |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff Charles M. Persson, appearing pro se, brought this action against Defendants Equifax, Inc. ("Equifax") and Credit Bureau of Southern Virginia, Inc., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. This matter is before the court on Equifax's motion for summary judgment. The court finds that Equifax cannot be held liable under the FCRA because Equifax is not a "consumer reporting agency" under the Act. Accordingly, the court grants Equifax's motion for summary judgment.

I.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict

1

for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). On a motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the non-moving party. <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985).

Equifax moves for summary judgment arguing that it is not a "consumer reporting agency" under the FCRA. Persson's complaint alleges violations of two provisions of the FCRA: failing to correct false information on a consumer credit report under 15 U.S.C. § 1681i(a) and failing to maintain reasonable procedures for creating consumer credit reports under 15 U.S.C. 1681e(b). Both of these sections apply only to consumer reporting agencies as defined under the Act. The FCRA defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

18 U.S.C. § 1681a(f).

Equifax is a holding corporation headquartered in Georgia. Equifax is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information or furnishing consumer information to third parties, nor has Equifax engaged in those practices in the time period relevant to this case. (Harris aff. ¶ 5, 6). Equifax does not own, receive, store, maintain, process or otherwise exercise control over any consumer credit data relating to the plaintiff. (Harris aff. ¶ 8, 9). Equifax is the parent company of Equifax Information Services, LLC, an incorporated subsidiary which is engaged in the business of assembling consumer credit

2

information and providing consumer credit reports to third parties. (Harris aff. ¶ 4).

Persson argues that Equifax is a consumer reporting agency because statements in Equifax's financial reports indicate that Equifax provides credit reporting services. Although Equifax's financial reports mention its credit reporting business, the reports also clearly identify Equifax, Inc. as "a holding company that conducts its business operations through subsidiary companies." (Pl. br. opp. ex. B.) Persson had not presented any other evidence that suggests Equifax meets the definition of a consumer reporting agency. Accordingly, the court finds that Equifax is not a "consumer reporting agency" as defined in the FCRA, because it does not assemble or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties.

Persson also argues that Equifax and Equifax Information Services, LLC should be treated as one entity for purposes of liability and that Equifax is "vicariously liable" for Equifax Information Services, LLC. However, "it is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998). The court construes Persson's argument as one under the doctrine of piercing the corporate veil. The corporate veil of a parent company can be pierced to allow liability for the acts of a subsidiary where the protections of the corporate form would result in some injustice or inequitable consequences. Kinney Shoe Corp. v. Polan, 939 F.2d 209, 211 (4th Cir. 1991). The burden of proving that the corporate form should be disregarded is on the party asserting the piercing claim. Id. Persson has not presented any evidence to suggest Equifax Information Services, LLC is a mere sham corporation, that it is grossly undercapitalized, or that its corporate form is being used for some

3

other unjust or inequitable purpose by Equifax. See DeWitt Truck Brokers, Inc. v. W. Ray Fleming Fruit Co., 540 F.2d 681, 684 (4th Cir. 1976). Accordingly, the court cannot hold Equifax, Inc. liable for Equifax Information Services, LLC's alleged FCRA violations. Therefore, summary judgment for Equifax, Inc. is appropriate.[1]

## II.

For the reasons stated, the court will grant defendant's motion for summary judgment. An appropriate order will be entered this day.

**ENTER:** This October 28th, 2002.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Persson was given the opportunity to add Equifax Information Services, LLC to this action in place of Equifax, Inc. but chose not to do so. After communicating to Persson that Equifax was only a holding company and that Equifax Information Services, LLC was the consumer credit reporting company, defense counsel offered to consent to a motion to amend Persson's complaint to add Equifax Information Services, LLC if Persson would agree to dismiss Equifax, Inc. Persson refused.

4



CLERK'S OFFICE U.S. DIST COU
AT ROANOKE, VA
FILED

OCT 28 2002

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES M. PERSSON, ) | |
| ) | Civil Action No. 7:02CV00511 |
| Plaintiff ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EQUIFAX, INC. and CREDIT BUREAU ) | |
| OF SOUTHERN VIRGINIA, INC. ) | By: Samuel G. Wilson |
| ) | Chief United States District Judge |
| Defendant. ) | |

In accordance with the memorandum opinion entered this day, it is **ORDERED** and **ADJUDGED** that defendant Equifax, Inc.'s motion for summary judgment is **GRANTED**. Defendant Equifax, Inc. is stricken from this action.

ENTER: This October 28th, 2002.

_____
CHIEF UNITED STATES DISTRICT JUDGE