# EXHIBIT 3

# Weiler v. Equifax Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WEILER, JR., Plaintiff, | ) | |
| v. | ) | Civil Action No. 99-936 |
| TRANSUNION, INC., EXPERIAN, INC. and EQUIFAX, INC., Defendants. | ) | |

MEMORANDUM

I

In this civil action, plaintiff, William Weiler, Jr., asserts that defendants, Transunion, Inc. (Trans Union), Experian, Inc. and Equifax, Inc. (Equifax), willfully and negligently failed to comply with Section 607 of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b) (Section 1681e(b)).[1] Presently, before the court are the motions of Trans Union and Equifax for summary judgment on the claims asserted against them in the complaint of plaintiff. For reasons that follow, the court will grant the motion of Equifax and deny the motion of Trans Union.

---

[1] Willful noncompliance with the FCRA subjects a person to liability pursuant to Section 616 of the FCRA, whereas negligent noncompliance with the FCRA subjects a person to liability pursuant to Section 617. 15 U.S.C. §§ 1681n, 1681o.

Plaintiff's complaint included claims against both defendants for libel. Plaintiff does not refer to those claims in his pretrial statement, and the court concludes that plaintiff has abandoned those claims.

II

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of establishing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the movant carries its initial burden, the nonmoving party must go beyond the averments in its pleadings: the nonmoving party must establish that a genuine issue of material fact exists for trial by presenting evidence through affidavits, depositions and admissions on file. Celotex Corp., 477 U.S. at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With the applicable standards in mind, the court turns to consider the arguments in support of and in opposition to defendants' motions.

III

A

EQUIFAX

In support of its motion for summary judgment, Equifax argues, inter alia, that it could not have violated the FCRA because it was not, and is not, a consumer reporting agency.

3

Plaintiff does not respond to Equifax's argument. Accordingly, the court concludes that the argument has merit and will grant Equifax's motion for summary judgment.

Even if the court were to overlook plaintiff's failure to respond and to consider the merits of Equifax's argument, the same conclusion would obtain. The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The FCRA defines "consumer reporting agency" as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

The undisputed evidence of record establishes that Equifax is a holding corporation; that its subsidiaries include consumer reporting agencies; that it has no employees or income except that derived from its ownership interests in its subsidiaries and affiliates; that it does not assemble or evaluate information on consumers for the purpose of furnishing reports on such consumers; that it did not prepare or furnish any report, credit or otherwise, to plaintiff during the period of

which plaintiff complains; and that it did not "own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information concerning plaintiff William Weiler." (Equifax Ex.1). Clearly, Equifax is not a "consumer reporting agency" within the meaning of the FCRA and could not have breached the duty imposed by Section 1681e(b) of the FCRA.

B

## TRANS UNION

In support of its motion for summary judgment, Trans Union argues that plaintiff cannot establish the elements of either negligent or willful noncompliance with Section 1681e(b) of the FCRA and that plaintiff cannot establish entitlement to an award of punitive damages. After consideration of the briefs of the parties, together with the materials submitted by the parties supporting and opposing Trans Union's motion, the court concludes that genuine issues of material fact exist and that Trans Union is not entitled to judgment in its favor and against plaintiff as a matter of law. Accordingly, the court will deny Trans Union's motion for summary judgment.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM WEILER, JR.,  )
　　　　　　　　　　　 )
　　　　　Plaintiff,　 )
　　　　　　　　　　　 )
　　v.　　　　　　　　 )   Civil Action No. 99-936
　　　　　　　　　　　 )
TRANSUNION, INC., EXPERIAN,  )
INC. and EQUIFAX, INC.,       )
　　　　　　　　　　　 )
　　　　　Defendants.  )

## ORDER

AND NOW, this 16th day of November, 2000, in accordance with the foregoing memorandum, it is hereby ORDERED as follows:

1. The motion of defendant Equifax, Inc. for summary judgment (document no. 18) is granted. Judgment is hereby entered in favor of defendant Equifax, Inc. and against plaintiff, William Weiler, Jr., on all claims asserted against it in plaintiff's complaint.

2. The motion of defendant Transunion, Inc. for summary judgment (document no. 20) is denied.

　　　　　　　　　　　　　　　／s／ William L. Standish
　　　　　　　　　　　　　　　William L. Standish
　　　　　　　　　　　　　　　United States District Judge