UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

NATHANIEL SPENCER, III,
        Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
EQUIFAX, INC.; and EQUIFAX
INFORMATION SERVICES, LLC;
        Defendants.

CASE NO. 1:18-cv-00194-PLM-PJG

Judge Paul L. Maloney
Magistrate Judge Phillip J. Green

---

**JOINT STATUS REPORT AND DISCOVERY PLAN**

---

Pursuant to the Court's Order Regarding Preparation Of Joint Status Report [Doc. No. 36], Plaintiff, Nathaniel Spencer III ("Plaintiff") and Defendant, Trans Union, LLC ("Trans Union") (collectively, the "Parties") hereby submit the following proposed Joint Status Report And Discovery Plan:

1. **Jurisdiction:** This court has jurisdiction under 15 U.S.C § 1681p and 28 U.S.C § 1331.

2. **Jury or Non-Jury:** Plaintiffs complaint demands trial by jury. This case is to be tried before a jury.

3. **Judicial Availability**:

   Trans Union **does not agree** to have a United states Magistrate Judge conduct all further proceedings in this case.

   Plaintiff concedes all cost judgements to be ruled on by the Magistrate judge and Request that all other rulings should be by report and recommendations by the Magistrate judge to the judge of which Plaintiff reserves the right to object to in order for the Judge to review.

4. **Statement of the Case**:

Plaintiff's Position:

The Defendant violated the 15 U.S.C. § 1681g(a)(1) by not giving Plaintiff his full consumer file disclosure upon his lawful request. In *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010) where the Third Circuit ruled against Trans Unions attempts to shrink the meaning and scope of the FCRA the Third Circuit states that the FCRA defines "file" when used in connection with information on any consumer as, "…all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored…" 15 U.S.C. § 1681a(g).

Although Ms. Cortez was only asking for her credit report and Mr. Spencer was asking for his full consumer file disclosure the cases are similar as it shows that Trans Union has a pattern of attempting to "shrink" the scope and meaning of the FCRA to fit it's needs and efforts not to comply with 15 U.S.C. § 1681g(a)1.

Trans Union of all the CRA's should know what a full consumer file disclosure is as they have rulings against them concerning this issue and the courts have already clearly defined the FCRA's meaning and scope to them yet they still choose to ignore these rulings and the Statutes.

As far as Mr. Spencer knows no-one who has the exact same fact pattern as he has in his First Amended Complaint. Mr. Spencer stayed up until 3am. multiple mornings researching and writing his own complaint. Plaintiff has also begun to lose sleep wondering why is Trans Union fighting so hard not to show him the information that they have and have access too, Plaintiff wonders, what are they trying to hide.

Per above information and more it appears that Defendants violations of the FCRA were willful and demonstrates a disturbing pattern in regards to Trans Union's disregard for court rulings and 15 U.S.C. § 1681g(a)(1)

Defendants' actions justify statutory damages, the amount of litigation fees recoverable by Plaintiff and any other relief as the Court may deem reasonable and just under the circumstances. Plaintiff 's injuries are concrete though not tangible. The fact that Trans Union is denying Mr. Spencer a right given to him by congress pursuant too 15 U.S.C. § 1681g(a)(1) is concrete and it is his personal information that they are selling to individuals and entities but denying him the ability to see information that has a real, personal and concrete impact on Plaintiffs life.

Plaintiffs right to see the information that Trans Union is selling to anyone who will pay for it is far from frivolous, that Trans Union would even say this shows how little they care about 15 U.S.C. § 1681g(a)(1) and Plaintiffs personal information. If this were a "frivolous" issue why is there a law giving Plaintiff the right to receive his full consumer

file disclosure? It's not like Congress was sitting around and had some free time so they whipped up 15 U.S.C. § 1681g(a)(1). Plaintiff believes they wrote this Statute so that consumers could ensure that the personal information that was being sold to others that could effect their credit score or could label them an "insider threat" etc., about them was accurate. Plaintiff should not have to stress out and lose sleep, which he has, over what information Trans Union has. Congress wisely instituted 15 U.S.C. § 1681g(a)(1) to protect consumers from this unnecessary stress and worry. There's only one problem Trans Union has decided this doesn't work for them and if Mr. Spencer worries about what information they are selling to others it's "frivolous" and basically non of his business, this is preposterous!

Trans Union's Position:

Plaintiff – using form litigation materials as part of a nationwide pro se scheme to manufacture frivolous claims against the consumer reporting agencies – falsely claims that consumer reporting agency Trans Union violated the FCRA by failing to provide him a "full consumer file disclosure." Specifically, Plaintiff falsely claims Trans Union was required to provide him "information that was previously shown in his credit reports" (i.e. "obsolete and archived information") and "negative codes … that are provided to prospective creditors."

Contrary to such allegations, the FCRA only requires a consumer reporting agency, like Trans Union, to disclose "information in the consumer's file at the time of the request" and expressly excludes "any information concerning credit scores or any other risk scores or predictors relating to the consumer." Further, the FCRA expressly prohibits a consumer reporting agency from including obsolete information in a consumer report. Accordingly, the consumer disclosures Trans Union provided to Plaintiff in response to his requests fully complied with the FCRA.

Finally, Plaintiff does not claim that Trans Union's reporting caused any credit denials. In fact, Plaintiff's Complaint does not allege any concrete injuries whatsoever.

5. **Prospect of Settlement**:

Plaintiff's position on prospect of settlement: Despite good faith attempts at a settlement agreement, at this time the Parties have not been able to reach an agreement. Plaintiff communicated via e-mail with Defendants new counsel James L. Policchio and Sandra Davis Jansen who was cc'd on these e-mails on or around 2/28/19. Plaintiff also spoke with Mr. Policchio on the phone on 3/1/19, in an attempt to settle the suite but parties again were not able to come to an agreement.

<p style="margin-left: 2em;"><u>Plaintiff's position on why a settlement agreement was not reached</u>: Trans Union wants to add another issue that does not relate to Plaintiff's lawsuit as a part of the settlement agreement and Plaintiff would like to keep the settlement agreement within the four corners of his Full Consumer File Disclosure lawsuit.</p>

<u>Trans Union's position regarding settlement</u>: The Parties have discussed settlement but have been unable thus far to reach a settlement agreement as to the form of the Settlement Agreement And Release. Specifically, Plaintiff will not agree to confirm the accuracy of a current consumer disclosure, which is standard for FCRA litigation. However, the Parties are continuing discussions regarding reaching an agreement as to the form of the Settlement Agreement And Release.

6. **Pendent State Claims**: This case does not include pendant state claims.

7. **Joinder of Parties**: Trans Union expects to file all motions for joinder of parties to this action and to file all motions to amend the pleadings within one month of the Court's Order on the Parties' proposed Joint Status report and Discovery Plan.

    The Plaintiff expects to file all motions for joinder of parties to this action and to file all motions to amend the pleading within 2 months prior to the end of discovery.

8. **Disclosures and Exchanges**:

    (a) The Parties propose the following schedule for Rule 26(a)(1) disclosures: **14 days** after the scheduling order on the Joint Status Report and discovery plan made.

    (b) The Parties **do not** expect to use expert witnesses.

    At this time, the Parties **have not** agreed on the informal production of any documents.

9. **Discovery**: Pursuant to FED. R. CIV. P. 26(f) The Parties believe that all discovery proceedings can be completed within **7 months** of the order on the Joint Status report and Discovery Plan. The parties recommend the following discovery plan:

    - The Parties will have 30 days to answer discovery plus three days mailing time.

    - Plaintiff request that Parties have 14 days to supplement answers plus 3 days mailing time.

    - Plaintiff request that Parties have 7 days to supplement these answers plus 3 days mailing time.

- If discovery is still not satisfactory, the Parties will confer in an attempt to reach an informal resolution without the need for Court intervention.

10. **Disclosure or Discovery of Electronically Stored Information**: Trans Union does not believe that this case is suitable for electronic discovery but is amenable to producing discovery electronically stored information in hard copy or in PDF format as an initial matter. Once the parties have had an opportunity to review such documents, Trans Union is further agreeable to conference amongst the parties regarding any additional exchange or production that the parties believe is necessary.

    The Plaintiff requests that the preservation and production of relevant discoverable information consists of: (1) Internal account notes, logs and bates records? Relating to the plaintiff (2) All correspondence with Plaintiff relating to the Plaintiff. (3) All correspondence with Defendant and third parties relating to Plaintiff. (4) Any media relating to the Plaintiff (5) any call logs relating to Plaintiff (6) Any recordings relating to the Plaintiff. The Plaintiff does not anticipate any other discovery of electronically stored information but reserve the right to revisit this issue as discovery progresses. Electronic documents shall be produced in pdf. Format where available and recordings shall be produced in native formats on CD or DVD.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

    The Parties have not reached any agreements regarding the assertion of claims of privilege or protection of trial preparation material after production. The Parties will inform the Court if any such agreement is made. However, the Parties believe that production of confidential and proprietary business information may be required. The Parties agree to enter into a confidentiality agreement in the event such confidential production is required.

12. **Motions**: The Parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dipositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

    - <u>Dispositive Motions contemplated by the Plaintiff</u>: Motion for summary judgment.

    - <u>Dispositive Motions contemplated Trans Union</u>: In the event the Parties cannot reach a settlement resolution, Trans Union anticipates filing a Motion For Judgment On The Pleadings and/or a Motion For Summary Judgment to dispose of Plaintiff's claims.

> The Parties anticipate that all dispositive motions will be filed within **two months** of the Parties' deadline to complete all fact discovery.

13. **Alternative Dispute Resolution:**

The Plaintiff's preferred time frame for conducting alternative dispute resolution is 2 months prior to the end of discovery

Trans Union's preferred time frame for conducting alternative dispute resolution is after the exchange of initial written discovery and at a time the Parties believe that alternative dispute resolution would be fruitful.

The Parties recommend that this case be submitted to the following method of alternative dispute resolution:  **a settlement conference with the Magistrate Judge**.

14. **Length of Trial**:   The Parties estimate the trail will last approximately **2 days** total allocated as follows:  1 day for Plaintiff's case, and 1 day for Trans Union's case.

15. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) require attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court of cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  Pro Se parties (litigants representing themselves without the assistant of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a Pro Se Party must <u>file</u> documents electronically but <u>serve</u> Pro Se parties with paper documents in the traditional manner.

16. **Other**:
    - Plaintiff requests  to have a protective order in place within 10 days of signing the Joint status report and Discovery Plan.

    - Plaintiff request pretrial motions and motions in limine to be brought 15 days before pre-trial conference.

Respectfully submitted,

Date: <u>March 19, 2019</u>

<u>/s/ James L. Policchio</u>
Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*


<u>/s/ Nathaniel Spencer III</u>
Nathaniel Spencer III
1236 Jefferson Ave.
Kalamazoo MI., 49006

*Pro Se, Plaintiff*